FILED
2016 Sep-27  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOB GLASSCOX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **2:15-cv-1487-KOB** |
| **CITY OF ARGO; OFFICER DAVID** | ) | |
| **RAMSAY MOSES, in his Individual** | ) | |
| **Capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Bob Glasscox sued Argo Police Officer David Moses for using excessive force against him during an arrest in violation of his constitutional rights and for assault and battery under state law. Mr. Glasscox also sued the City of Argo under 42 U.S.C. § 1983, alleging that: (1) Officer Moses's violation of his constitutional rights was a result of an Argo custom or policy; (2) Argo's hiring of Officer Moses was negligent; (3) Argo negligently trained Officer Moses; and (4) that Argo failed to develop an adequate policy concerning taser use. Argo moved to dismiss Mr. Glasscox's complaint, claiming that Mr. Glasscox had failed to state a claim upon which relief could be granted. (Doc. 21). For the reasons discussed, the court **GRANTS IN PART** Argo's motion as to Mr. Glasscox's claim for punitive damages and **DENIES IN PART** Argo's motion as to Mr. Glasscox's substantive claims.

## I.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint.

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). Rule 8 does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court identified "two working principles" for the district court to use in

2

applying the facial plausibility standard. The court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

## II.    STATEMENT OF THE FACTS

Mr. Glasscox asserts four counts against Argo in his complaint. In Count I, Mr. Glasscox alleges that Argo had a custom of being deliberately indifferent to excessive force claims. In Count IV, Mr. Glasscox alleges that Argo was negligent in its hiring of Officer Moses. In Count V, Mr. Glasscox claims that Argo failed to properly train Officer Moses to use a taser and to respond to medical emergencies. In Count VI, Mr. Glasscox asserts that Argo's failure to adopt an appropriate taser policy constituted deliberate indifference to the constitutional rights of its citizens.

As a basis for those claims, Mr. Glasscox alleges the following relevant facts in his complaint. On July 24, 2014, Mr. Glasscox was driving on I-59 South. Officer Moses pulled Mr.

3

Glasscox over after a several-mile pursuit. Officer Moses ran to Mr. Glasscox's vehicle, opened the door, and ordered him to exit. Mr. Glasscox did not comply at first because he was having a diabetic episode and did not understand the situation. Officer Moses deployed his taser on Mr. Glasscox. Mr. Glasscox remained in the vehicle. Officer Moses tased Mr. Glasscox three additional times. At one point during the incident, Officer Moses had his taser in one hand and his firearm in the other, both pointed at Mr. Glasscox.

Mr. Glasscox also alleges that Officer Moses was employed by Alabama police departments in the past and was disciplined for exercising poor judgment and failing to follow department policies. Specifically, Mr. Glasscox alleges that before being hired by Argo, Officer Moses had been disciplined for using a shotgun in a crowd control situation and destroying evidence.

Mr. Glasscox also alleges that a civil suit was filed against Officer Moses related to an incident where he, while off-duty, pursued two college students from Tuscaloosa to Calera. Moses arrested the two students, but no charges where filed against them. After reviewing Officer Moses's file, the Tuscaloosa Police Department Disciplinary Board recommended that he be terminated. Officer Moses's file included two informal counseling sessions, one formal counseling session, and documentation of two other incidents. In the Board's view, "all of these incidents show that Officer Moses has grossly poor judgment."  One document in the file noted that Officer Moses was "showing a pattern of using bad judgment dealing with situations involving moderate levels of stress levels and tactics." Officer Moses involuntarily resigned from the Tuscaloosa Police Department.

Mr. Glasscox claims Argo failed to contact the Tuscaloosa Police Department to inquire

4

about Officer Moses's employment there, or in the alternative, ignored the department's

disclosure. Further, Mr. Glasscox alleges that information concerning the civil suit against

Officer Moses was publicly available.

## III.   DISCUSSION

### A.   Underlying Violation of Mr. Glasscox's Constitutional Rights

Argo first argues that Mr. Glasscox's claims against it should be dismissed based on the

arguments contained in Officer Moses's motion for summary judgment. However, the court has

denied Moses's motion. *See* (Docs. 35 and 36). Therefore, Glasscox's claims against Argo cannot

be dismissed on the basis that Officer Moses did not commit a constitutional violation of Mr.

Glasscox's rights.

### B.   Count I: Argo's Custom or Policy

Argo contends that Mr. Glasscox's complaint contains only "general and conclusory"

allegations about a policy or custom of Argo being deliberately indifferent to Fourth Amendment

rights. (Doc. 21-1 at 8). To state a claim under § 1983 against a municipality, a plaintiff must

allege facts that, if proven, would show: "(1) that his constitutional rights were violated; (2) the

municipality had a custom or policy that constituted deliberate indifference to that constitutional

right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d

1283, 1289 (11th Cir. 1994) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

In support of Mr. Glasscox's claim, he alleges that Argo "permitted, encouraged, and

ratified a pattern and practice of misconduct" by "fail[ing] to discipline or prosecute or in any

manner deal with known incidents of misconduct, including excessive force" and "refus[ing] to

investigate complaints of excessive force, and, instead, officially claimed such incidents were

5

justified and proper." (Doc. 1 at ¶ 49).

This court has previously found that identical language "toe[s] the line" of what is acceptable under *Iqbal's* pleading standards but does sufficiently place the defendant on notice of the claim against it. *See Jackson v. City of Homewood*, No. 2:12-CV-4199-KOB, 2013 WL 2352430, at *5 (N.D. Ala. May 29, 2013). Of course, Argo is free to challenge the sufficiency of Glasscox's evidence of its policies or customs on summary judgment. *See Crutcher v. Vickers*, No. CV-10-S-01176-NE, 2012 WL 3860557, at *9 (N.D. Ala. Sept. 5, 2012) ("[T]he proper procedural posture for challenging a police misconduct claim that alleges a policy or custom of violations is a motion for summary judgment, not a motion to dismiss."). Therefore, the court **DENIES** Argo's motion to dismiss Count I of the complaint.

### C.    Count IV: Negligent Hiring

Argo argues that Mr. Glasscox's complaint fails to plead *Twombly*-sufficient facts that would show that it was on notice of Officer Moses's past conduct. To state a claim, Mr. Glasscox must allege facts that, if proven, would show that "a full review of [Officer Moses's] record reveals that [Argo] should have concluded that [Officer Moses's] use of excessive force would be a plainly obvious consequence of the hiring decision." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 412–13 (1997).

Mr. Glasscox has alleged that Officer Moses has a history of violating the law and exercising poor judgment. Further, Mr. Glasscox alleges that Argo failed to inquire–or inquired and disregarded what it learned–into Officer Moses's conduct at the Tuscaloosa Police Department. Thus, Mr. Glasscox has alleged that Argo had (at least) constructive notice of Officer Moses's misconduct in Tuscaloosa. Though not required to do so, Mr. Glasscox has even

provided detailed, specific allegations about particular incidents and particular documentation in

Officer Moses's personnel file. Argo had notice of what Mr. Glasscox alleges it should have

known about Officer Moses had it conducted an investigation into his past employment, or if

such an investigation was conducted, what it should have revealed. These facts are sufficient to

show, if proven, that an obvious consequence of hiring Officer Moses would be that he would

repeat his prior behavior. Therefore, the court **DENIES** Argo's motion to dismiss Count IV of the

complaint.

### D.      Count V: Negligent Training

Argo asserts that Mr. Glasscox's complaint "merely states, in an impermissibly

conclusory fashion, that Argo failed to supervise/train its officers." (Doc 21-1 at 16). Inadequate

training "may serve as the basis for § 1983 liability only where the failure to train amounts to

deliberate indifference to the rights of persons with whom the police come into contact." *City of

Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To establish deliberate indifference, a

plaintiff must show a pattern of improper training and that the municipality was aware of its

training program's deficiencies. *Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007).

Further, Argo argues that Mr. Glasscox has not pled *Twombly*-sufficient facts to show

that Argo's policies were a "moving force" behind the violation of his rights. For a policy or

custom to be a moving force, the Eleventh Circuit requires that "[t]he municipality must be at

fault in some sense for establishing or maintaining the policy which causes the injurious result . .

." *See Owens v. City of Atlanta*, 780 F.2d 1564, 1567 (11th Cir. 1986) (citing *Fundiller v. City of

Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985)).

Contrary to Argo's assertions, these allegations are not impermissibly conclusory

7

statements that Argo failed to train Officer Moses. Rather, Mr. Glasscox alleges the specific types of training the city failed to provide. *Cf. Gray v. City of Roswell*, 486 Fed. App'x 798, 801–02 (11th Cir. 2012) (dismissing a claim when it failed to plead how a city's training was deficient).

Mr. Glasscox alleges that Argo's training was deficient in two ways. First, Mr. Glasscox contends that Argo failed to train Officer Moses regarding the proper procedures for using the taser. And given the allegations about Officer Moses's employment record, Argo was on notice of its need to train and supervise him. Second, Mr. Glasscox alleges that Argo failed to train and educate officers to recognize and respond to medical emergencies an individual might experience while in Argo's custody. Mr. Glasscox alleges this failure was a pattern of Argo and not limited to a single, isolated incident.

Mr. Glasscox has alleged sufficient facts to support an inference that Argo's failure to train its officers was a moving force behind the violation of Mr. Glasscox's constitutional rights. To be a moving force, the policy, custom, or practice must have a causal relationship with the injury suffered such that the municipality maybe at fault for the policy. *See Owens*, 780 F.2d at 1567. Here, a reasonable inference suggests that if Argo had provided either sort of training, Mr. Glasscox's injuries could have been avoided. Such an inference is sufficient for a claim to survive a motion to dismiss.

Mr. Glasscox's allegations are not a recitation of the elements of the cause of action or mere statements that Argo harmed him. As such, they sufficiently place Argo of the allegations against it. Mr. Glasscox's inadequate training claim is plausible on its face and states a claim upon which relief can be granted. Therefore, the court **DENIES** Argo's motion to dismiss Count

V of the complaint.

### E.   Count VI: Inadequate Taser Policy

Mr. Glasscox alleges that Argo failed to adopt appropriate taser policies, and that such a policy amounted to deliberate indifference. Mr. Glasscox alleges that Argo's taser policies were inadequate to instruct officers in the proper use of force. *See* (Doc. 1 at ¶¶ 81–83). Again, these allegations border on what is acceptable under *Iqbal* and *Twombly*. However, these allegations do have sufficient detail to place Argo on notice of the claim against it. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary."). Mr. Glasscox has identified the specific faulty policy and alleged how the policy is deficient. Further, a reasonable inference suggests that if Argo's policy would have been adequate, Mr. Glasscox's rights would not have been violated. Therefore, the court **DENIES** Argo's motion to dismiss Count VI of the complaint.

### F.   Punitive Damages

Argue also contends it is immune from Mr. Glasscox's demand for punitive damages. Generally, punitive damages are not allowed against a municipality unless expressly permitted by statute. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 259–61 (1981). Section 1983 does not permit a plaintiff to seek punitive damages from a municipality. *See Walters v. City of Atlanta*, 803 F.2d 1135, 1148 (11th Cir. 1986). Therefore, the court **GRANTS IN PART** Argo's motion to dismiss Mr. Glasscox's claims to the extent they seek punitive damages from Argo.

## IV.   CONCLUSION

The court **DENIES** Argo's Motion to Dismiss the individual counts of Mr. Glasscox's complaint but **GRANTS IN PART** the motion to the extent that such claims seek punitive damages from Argo.

9

The court previously denied Mr. Glasscox's motion to amend his complaint because it wanted to first address whether he had stated plausible claims and whether Officer Moses was entitled to qualified immunity. *See* (Doc. 30). Because these issues have now been addressed, Mr. Glasscox may file a second motion for leave to amend his complaint if he deems it necessary

**DONE** this the 27th day of September, 2016.

_____

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE