IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH GLASSCOX, as next friend of BOB GLASSCOX,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )  Case No. 2:15-CV-01487-KOB<br>) |
| **CITY OF ARGO and OFFICER DAVID MOSES, in his individual capacity,** | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the City of Argo's "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e)" (doc. 97) and Mr. Glasscox's response to and motion to strike Argo's motion (doc. 98). The City contends in its motion that the court erroneously denied it summary judgment on Count Four of Mr. Glasscox's complaint: the § 1983 hiring-based claim. (Doc. 92 at 20–28; doc. 93). Although the City styles its motion as one to alter the judgment under Rule 59(e), the court concludes that the motion constitutes nothing more than a generalized re-briefing of its initial summary judgment motion. Because, on the merits of its motion, the City has not shown that the court's memorandum opinion (doc. 92) contains a manifest error in law or fact, the court will **DENY** the City's motion to alter the judgment and consequently finds Mr. Glasscox's motion to strike **MOOT**.

### I.   Legal Standard for a Rule 59(e) Motion

Under Fed. R. Civ. P. 59(e), a party may move to "alter or amend a judgment" in a civil case. Although the decision of whether to grant a Rule 59(e) motion is "committed to the sound discretion of the district [court]," a district court may properly grant such a motion for only two

1

reasons: (1) "newly-discovered evidence," or (2) "manifest errors of law or fact." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (citing *In re Invs. Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994)).

Importantly, the court should *not* allow the party bringing a Rule 59(e) motion to "relitigate old matters, [to] present the case under a new legal theory[,] or to [get] 'another bite at the apple' by permitting the arguing of issues and procedures *that could and should have been raised prior to judgment.*" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (quoting *In re Halko*, 203 B.R. 668, 671–72 (Bankr. N.D. Ill. 1996)) (alterations omitted) (emphasis added). Instead, as this court has noted, "[t]he moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling." *Adams v. Bank of Am., N.A.*, No. 2:15-cv-01855-RDP, 2017 WL 11426407, at *1 (N.D. Ala. Apr. 10, 2017). Because the City does not argue that newly discovered evidence exists now that did not exist at the time it initially moved for summary judgment, the City must show that the court, in its memorandum opinion, committed a "manifest error of law or fact."

**II.     Discussion**

The City advances two arguments in its motion: first, that the court improperly applied the Supreme Court's test for hiring-based § 1983 claims as set out in the case of *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397 (1997); and second, that this court, in denying the City summary judgment on Count Four, improperly relied on the Eleventh Circuit's decision in *Griffin v. City of Opa-Locka*, 261 F.3d 1295 (11th Cir. 2001). Neither argument points out a manifest error in either law or fact in the court's memorandum opinion.

2

As to the City's first argument, Mr. Glasscox correctly points out that the City did not even cite the *Bryan County* decision in its first motion for summary judgment. (*See* doc. 79). And because the City, in its initial summary judgment motion, could and should have raised its argument that Mr. Glasscox's evidence does not meet the *Bryan County* standard, a Rule 59(e) motion does not allow the City to raise that argument for the first time in seeking a second "bite at the apple." *Mincey*, 206 F.3d at 1137 n.69. But the argument fails on the merits as well.

As alluded to above, the City argues first that none of the incidents in Officer Moses's past should have led Chief Downing to the conclusion that the "plainly obvious consequence" of hiring Officer Moses would be his use of excessive force on Mr. Glasscox. Because none of the alleged incidents of excessive force in Officer Moses's background involved his use of a taser, the argument goes, Chief Downing could not have foreseen Officer Moses's use of excessive force with a taser against Mr. Glasscox. But this argument views the law of § 1983 hiring-based claims too narrowly.

Although the city correctly states that the *Bryan County* decision requires a plaintiff to show that "*this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff," the caselaw upon which the City relies makes clear that the proper point of inquiry is the *particular constitutional violation*, not the medium through which the officer inflicted that injury. *Bryan Cty.*, 520 U.S. at 412. *See, e.g.*, *Morris v. Crawford Cty.*, 299 F.3d 919, 923, 924–25 (8th Cir. 2002) (no municipal liability for failure to screen when deputy's background did not "reveal a single complaint of *excessive force*); *Aguillard v. McGowen*, 207 F.3d 226, 230–31 (5th Cir. 2000) (no municipal liability for failure to screen where officer's record "did not reveal him to be likely to use *excessive force in general* or possess a trigger-happy nature in particular") (emphasis added).

Instead, the court reads *Bryan County's* particularity requirement to preclude municipal liability for an officer's use of *excessive force*, for example, when a municipality hires an officer with a background of *unconstitutional searches*. The City has produced no caselaw showing that the court read *Bryan County* erroneously.

The City also argues that Officer Moses's incident with Jerry Joe Rich "may not serve as any sort of evidence that [Officer] Moses would exert excessive force with a taser in the future." (Doc. 97 at 8). To support this argument, the City points out that Chief Downing himself thought Mr. Rich's claim lacked merit; it also tries to show that the City's settlement was "in compromise of a doubtful and dubious claim." (Doc. 97 at 7). The court notes that the City's conclusion that Mr. Rich's claim was "doubtful and dubious" was contained in a boilerplate clause in the settlement agreement it executed with Mr. Rich. (*See* doc. 87–1 at 10). In any event, because the City does not point the court to any authority showing that the court erroneously considered Mr. Rich's claim in denying the City summary judgment, the City essentially argues that the court's failure to *weigh the evidence in its favor* should take the hiring-based § 1983 claim away from the jury. But because the court may not weigh the evidence at the summary judgment stage, its failure to do so cannot constitute a "manifest error of law or fact." *Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).

As to the City's argument that the court erroneously relied on the Eleventh Circuit's decision in *Griffin v. City of Opa-Locka*, the City also failed to cite that case in either its initial summary judgment brief or in its reply brief. (*See* docs. 79, 88) Although the City may not have cited *Griffin* in its briefs because the City did not think it relevant to this case, the City has not

4

shown in its Rule 59(e) motion that the court's reliance on that case constituted a "manifest error of law or fact." The court recognizes that the *Griffin* case presents extreme facts. 261 F.3d 1295 (11th Cir. 2001). The City notes, for example, that unlike the City of Argo, the city in *Griffin* was "inundated" with communications warning of the wrongdoer's propensity for sexual harassment. 261 F.3d at 1314. Although the City of Argo was not "inundated" with communications about Mr. Glasscox, the red flags were in his background. Chief Downing simply refused to look for them. And like the wrongdoer in *Griffin*, a close connection exists between the incidents in Officer Moses's background (official reprimands for, and citizen complaints of, excessive force) and the claimed constitutional violation here: Officer Moses's use of excessive force. And finally, and most importantly, neither the City of Argo nor the city in *Griffin* conducted a sufficient background investigation before hiring the alleged wrongdoers. Accordingly, the City's argument that the court erroneously relied on *Griffin* fails.

### III.   Conclusion

For the reasons explained above, the court concludes that the City has failed to show that the court committed a "manifest error in law or fact" in denying its motion for summary judgment on Mr. Glasscox's hiring-based § 1983 claims.

Accordingly, the court **DENIES** the City's Rule 59(e) motion (doc. 97) and finds Mr. Glasscox's motion to strike (doc. 98) **MOOT**.

**DONE** and **ORDERED** this 2nd day of November, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE